UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NUMBER 11-80180-CV-RYSKAMP/VITUNAC

WAUSAU UNDERWRITERS INSURANCE
COMPANY,

      Plaintiff,

v.

CAREERS USA, INC.,

      Defendant.
_____/

## WAUSAU'S STATEMENT OF MATERIAL FACT

Plaintiff, Wausau Underwriters Insurance Company, pursuant to S.D.Fla.L.R. 56.1(a), files this statement of material fact in support of its motion for summary judgment.[1]

1. On or about 1 March 2006, Wausau issued workers' compensation and employers liability policy number WCJ-Y91-440784-016 (016 policy) to Careers. A copy of the 016 policy is attached to the complaint as exhibit 1. Gautheir Affidavit *at* paragraph 3.

2. On or about 1 March 2007, Wausau issued workers' compensation and employers liability policy number WCJ-Y91-440784-017 (017 policy) to Careers. A copy of the 017 policy is attached to the complaint as exhibit 2. Gauthier affidavit *at* paragraph 4.

3. On or about 1 March 2008, Wausau issued workers' compensation and employers liability policy number WCJ-Y91-440784-018 (018 policy) to Careers. A copy of the 018 policy is attached to the complaint as exhibit 3. Gauthier affidavit *at* paragraph 5.

---

[1] For and on the authorities briefed in its motion, Wausau does not by this statement think or concede that disputed issues of fact may be entertained in this forum but provides the statement to conform to local rule.

4.  Careers elected a retrospective rating plan ("retro") for its insurance coverage; attached to the motion for summary judgment are copies of Careers' signed retrospective rating election forms. Gauthier affidavit *at* paragraph 6.

5.  Annual computations (called adjustments) of a retrospectively rated policy are made by the carrier beginning six months after policy termination and continuing until all claims are administered or the carrier and the insured agree to terminate retrospective rating. This feature appears in the LRARO (large risk alternative rating option) ("B. Premium Calculation and Payments. We will calculate the retrospective premium using all incurred losses we have as of a date six months after the rating plan period [the policy term] ends and annually thereafter"). Gauthier affidavit *at* paragraph 6.

6.  Wausau has not agreed to terminate retrospective rating as to any of the policies. Gauthier affidavit *at* paragraph 6.

7.  Retrospective premium is essentially the sum of basic premium and converted losses multiplied by the tax multiplier, subject to minimum and maximum factors stated in the schedule. Basic premium in this case results from applying the plan factors to the total payrolls and subtracting basic and excess loss premium developed in Florida and Oregon. Converted losses are derived by multiplying incurred losses by the loss conversion factor shown in the schedule. All of this information is in the LRARO. Gauthier affidavit *at* paragraph 7.

8.  In Florida, where Careers has most of its payrolls, standard workers' compensation premium is a function of three basic elements: rate, payroll, and experience modifier. Gauthier affidavit *at* paragraph 8.

9.  A rate is a dollar amount per $100.00 of payroll. Rates for hundreds of different occupational classifications (a four-digit number established by The National Council on Compensation Insurance (NCCI) for each occupational classification defined by NCCI in its *SCOPES Manual©*) are computed and established by NCCI. Gauthier affidavit *at* paragraph 8.

10. Payroll is the insured's payroll in each occupational classification. Gauthier affidavit *at* paragraph 8.

11. The experience modifier, computed for each insured by NCCI, is a number that reflects an insured's loss history (its experience) relative to that of other insureds in the same industry. Gauthier affidavit *at* paragraph 8.

12. The basic formula for computing standard workers' compensation premium is payroll ÷ 100 x rate x experience modifier; this is the Florida Workers Compensation Premium Algorithm, contained in NCCI's *Basic Manual©*, and its use in computing standard premium is mandatory, as is use of the NCCI-filed and approved rates, rules, experience modifiers, and occupational classifications. Gauthier affidavit *at* paragraph 8.

13. The standard premium for all three policies is that which is subject to retrospective rating. Gauthier affidavit *at* paragraph 8.

14. Wausau computed the annual retrospective adjustments pursuant to the three policies and issued Careers these retrospective adjustments and back-up detail. Gauthier affidavit *at* paragraph 9.

15. Wausau also audited the policies and determined, as detailed below, that certain credits accrued on two of the policies A total of $221,430.00 is currently outstanding, such amount comprised of the following:

016 policy (the supporting detail for these computations are exhibits 1-2 to the Gauthier affidavit)
fourth retrospective adjustment: $91,071.00
fifth retrospective adjustment: -$105,748.00
subtotal: -$14,677.00

017 policy (the supporting detail for these computations are exhibits 3-4 to the Gauthier affidavit)
third adjustment invoice: -$29,936.00
fourth retrospective adjustment: -$10.563.00
subtotal: -$40,499.00

<u>018 policy</u> (the supporting detail for these computations are exhibits 5-7 to the Gauthier affidavit)
audit balance: -$1,512.00
second adjustment invoice: $279,387.00
third adjustment invoice: -$1,269.00
subtotal: $276,606.00

<u>Total obligation for the three policy years: $221,430.00</u>

16.   The governing rating plan requires Careers to "promptly pay" Wausau the retrospective premium due and the policy requires it to promptly pay all standard premium. Gauthier affidavit *at* paragraph 11.

17.   Wausau made and continues to make the annual adjustments pursuant to the policies and conducted the final premium audits of the policies, pursuant to the attached exhibits, and determined that Careers owes -$14,677.00 for the 016 policy; -$40,499.00 for the 017 policy, and $276,606 for the 018 policy, a total obligation of $221,430.00 which is less than the amount in suit ($339,141.00) because of intervening retrospective adjustments which have, as per the usual practice, been sent to the insured. Gauthier affidavit *at* paragraph 11.

18.   No part of the amount in suit or the revised (lower) amount due ($221,430.00) has been paid despite Wausau's repeated demand for payment. Gauthier affidavit *at* paragraph 11.

19.   All retrospective adjustments have been done pursuant to the LRAROs and the audited premiums have been computed pursuant to the policies and NCCI regulatory rules. Gauthier affidavit *at* paragraph 11.

20.   Wausau has reviewed the retrospective adjustments and audits for the policies, as attached to the Gauthier affidavit, and determined that all of the figures (plan factors, losses, formula and computations) as appear in those attachments are correct, and the amount claimed due is accurate as of January 2012. Gauthier affidavit *at* paragraph 12.

21.   Wausau reviewed the loss detail and the claims costs and expenses are accurately

represented in the loss development state summaries; all of the figures in those reports reflect incurred losses and expenses paid by Wausau, a significant portion of which Careers is responsible to reimburse Wausau in the form of retrospective premium. Gauthier affidavit *at* paragraph 12.

22. Wausau billed Careers for the retrospective and audited premiums owed and Careers has refused to pay any portion of the amount due. Gauthier affidavit *at* paragraph 13.

23. The policies' LRARO provides that retrospective premiums due shall be promptly paid; the policies obligate Careers to promptly pay all premium due "[y]ou will pay all premium due"- Part Five- Premium). Gauthier affidavit *at* paragraph 13.

24. Careers has not paid Wausau for any part of the $221,430.00 due. Gauthier affidavit *at* paragraph 13.

25. If Careers wanted to protest Wausau's retrospective or audited premium computations or the application of any mandatory regulatory rule or classification, or State-approved rating plan pursuant to which the premiums were computed, designated administrative procedures by which it was to have done so were and are available and mandatory, pursuant to NCCI *Basic Manual User's Guide* (2001 ed.) ©, section E (Dispute Resolution Process)). Gauthier affidavit *at* paragraph 14.

26. Wausau has no knowledge that Careers has initiated or pursued administrative review. Gauthier affidavit *at* paragraph 14.

27. Wausau has performed all of its obligations under the policies, which have included but not been limited to administration of a total thus far of 189 claims at a total cost thus far of $1,282,694.20. Gauthier affidavit *at* paragraph 15.

28. Wausau has no knowledge that any of Careers' injured employees have sued Careers because their workers' compensation claim was denied. Gauthier affidavit *at* paragraph 15.

29. Careers, in failing to pay Wausau for the coverage provided, has not performed its obligation under the policies and rating plan. Gauthier affidavit *at* paragraph 15.

Respectfully submitted,

*/s/ Mary Morris/*

Mary Morris, FBN 55573
Morris & Morris, P.A.
Attorneys for Wausau
777 South Flagler Drive
Suite 800- West Tower
West Palm Beach, Florida 33401
Telephone 561.838.9811
Facsimile 561.828.9351
E-mail momorris@morris-morris.com

## CERTIFICATE OF SERVICE

I certify that on 23 January 2012 I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I also certify that the foregoing is being served this day on the following attorney, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing:

Jennifer O. Johnson, Esquire
Brian S. Dranoff, Esquire
CareersUSA, Inc.
6501 Congress Avenue, Suite 200
Boca Raton, Florida 33487

*/s/ Mary Morris/*

Mary Morris