UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 11-80180-CV-RYSKAMP/VITUNAC

WAUSAU UNDERWRITERS INSURANCE
COMPANY,

    Plaintiff,

v.

CAREERS USA, INC.,

    Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court pursuant to Plaintiff Wausau Underwriters Insurance Company's ("Wausau") motion for summary judgment, filed January 23, 2012 **[DE 25]**. Defendant CareersUSA, Inc. ("CareersUSA") responded on March 13, 2012 **[DE 32]**. Wausau replied on March 20, 2012 **[DE 37]**. This motion is ripe for adjudication.

### I.    Background

Wausau, a Wisconsin corporation, is an insurer that is licensed and authorized to provide workers' compensation and employers' liability insurance in the State of Florida. CareersUSA is a national staffing company whose principal place of business is in Florida. Wausau brings this action under the Court's diversity jurisdiction. Wausau issued four policies to CareersUSA, three of which are at issue in this case. On or about March 1, 2006, Wausau issued CareersUSA a workers' compensation and employers' liability policy (WCJ-Y91-440784-016) ("the 016 Policy"). On or about March 1, 2007, Wausau issued CareersUSA a workers' compensation and

employers' liability policy (WCJ-Y91-440794-017) ("the 017 Policy").  On or about March 1, 2008, Wausau issued CareersUSA a workers' compensation and employers' liability policy (WCJ-Y91-440784-018) ("the 018 Policy").  The 016 Policy, 017 Policy, and the 018 Policy shall be referred to collectively as the "Policies." The Policies are contracts of insurance that contain the respective of rights and responsibilities of Wausau as insurer and CareersUSA as insured.

In Counts I, II, and III, of the original Complaint, Wausau filed claims for breach of contract against CareersUSA for failing and refusing to pay all retrospective premiums when due, as the contract provides.  Wausau has moved for summary judgment against CareersUSA for Counts I-III, requesting a judgment for $221,430.00.  Wausau alleges that the audits and adjustments, pursuant to the Policies and their rating plan, have resulted in a total obligation of $221,430.00 (a revised figure from the original Complaint), which CareersUSA has refused to pay.

CareersUSA has denied these allegations and offered six affirmative defenses in its Amended Answer.  CareersUSA contends that: (1) it has complied with and performed all of its promises, obligations and duties to Wausau, if any, under the alleged policies/contracts; (2) Wausau breached the alleged policies/contracts with CareersUSA; (3) CareersUSA is entitled to a set-off, credits and reimbursements under the alleged policies/contracts (claiming that Wausau has failed to provide appropriate credits and release "hold backs" it is holding under the alleged policies/contracts to CareersUSA); (4) Wausau's recovery, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the alleged policies/contracts; (5) Wausau has failed to state a claim upon which relief can be granted in Counts I, II, and III in that it has failed to allege all elements required to properly plead breach of contract and has failed to

attach a copy of the fully executed and complete policies/contracts; (6) CareersUSA has paid any and all amounts due under any alleged policy/contract. [DE 17, pp. 4-5]. CareersUSA maintains that Wausau's Motion for Summary Judgment must be denied given the presence of genuine issues of material fact, or is at least entitled to a stay of these proceedings in order to pursue its administrative remedies.

Workers' compensation insurance, an insurance product sold to employers for the benefit of covering the medical and litigation costs related to employees' injuries, is required by law for all Florida employers. *See Bristol Hotel Management Corp. v. Aetna Cas. & Sur. Co.*, 20 F.Supp.2d 1345, 1347 (S.D. Fla. 1998). Since these policies grant tort immunity to the employer, there is a duty of care imposed on the carrier with respect to claims handling. *See Perera v. U.S. Fidelity and Guaranty Company*, 35 So.3d 893 (Fla. 2010)). The Policies at issue are loss-sensitive and retrospectively rated. That is, the insured ultimately pays a premium based on the losses actually incurred during the policy coverage period, rather than a rate fixed prior to the policy coverage period, and the losses may be paid for several years beyond the policy period subject to periodic adjustment. 20 F.Supp.2d at 1347. Retrospectively rated policies normally remain open as long as claims are being paid and adjusted. *Id*.

Workers' compensation insurance is well-regulated, as all carriers writing such policies must file with the State of Florida Office of Insurance Regulation ("the OIR") "every manual of classifications, rules, and rates, every rating plan, and every modification of any of the foregoing which it proposes to use." *Continental Cas. Co. v. First Financial Employee Leasing, Inc.*, 716 F.Supp.2d 1176, 1179 (M.D. Fla 2010) (quoting Fla. Stat. § 627.091(1)). Under Section 627.091(4), Florida Statutes, an insurer may satisfy this filing requirement by "becoming a member of, or a subscriber to, a licensed rating organization which makes such filings and by

authorizing the office to accept such filings in its behalf . . . ." Wausau must adhere to the regulatory filings of National Council on Compensation Insurance ("the NCCI"). Fla. Stat. § 627.211(1) (2002); *see also* [DE 25, p.2]. NCCI, the ratemaking organization for Florida and many other states, publishes several *Manuals* which contain rules, classifications, and rates. [DE 25., p. 2]. The Policies issued to CareersUSA used only approved policy forms, endorsements, and rating plans based on premium formula and factors approved by the State of Florida OIR. *See* Sections 627.191 and 627.211, Florida Statutes; [DE 25-1, pp. 2-3]. The retrospective premium and adjustments for the loss-sensitive Policies issued to CareersUSA is computed pursuant to the Retrospective Premium Endorsement Large Risk Alternative Rating Option (LRARO) and the NCCI's *Retrospective Rating Plan Manual*. *Id*. at 3. These premiums usually fluctuate based on the claims activity, and Wausau issues adjustments every year beginning about six months after the policy termination. *Id*. at 2-3. The annual adjustments continue until all claims are resolved or the parties (Wausau and CareersUSA) agree to terminate the retrospective rating. *Id*.

Wausau alleges that based on their audits, pursuant to the terms and rating plan of the Policies (subject to the LRARO and NCCI regulatory rules) and the computed and issued retrospective adjustments, CareersUSA has a total obligation of $221,430.00, which is a revised figure lower than Wausau's original figure ($339,141.00). [DE 25-1, pp. 3-5]. Wausau, in their breach of contract claim, asserts that no part of the amount has been paid despite Wausau's repeated demand for payment. *Id*. CareersUSA denies this allegation, and has contended that:

> [Wausau] has made numerous miscalculations in connection with the Policies, improper holdback amounts, erroneous and untimely reporting of incurred and paid losses, expenses and reserves, which wrongly indicate a balance owed by CareersUSA when in essence . . . CareersUSA is entitled to its monies [Wausau] is holding and/or other credits due to CareersUSA from corrections and adjustments. [DE 32-2, pp. 4-5].

## II.     Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); Fed.R.Civ.P. 56(c). Only the existence of a genuine issue of material fact will defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2510 (1986). When the moving party satisfies the requirements of Fed.R.Civ.P. 56(c), the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1356 (1986). No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co..* 398 U.S. 144, 157, 90 S.Ct. 1598 (1970).

Under the grant of diversity jurisdiction, this Court must apply the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. *Tech. Coating Applicators., Inc. v. United States Fid. & Guar. Co.*, 157 F.3d 843, 844 (11th Cir. 1998). Specifically, this Court must follow the decisions of the state's highest court when that court has addressed the relevant issue. *Id*. (citing *Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1995)). If the Florida Supreme Court has not spoken on the issue, Florida District Court of Appeals decisions are controlling, absent an indication that the state's highest court would rule otherwise

on the issue. *U.S. Fire Ins. Co. v. Mikes*, 576 F.Supp.2d 1303, 1315 n. 15 (citing *Allstate Ins. Co. v. Travers*, 703 F.Supp. 911, 914-15).

### III.   Discussion

**A. The Exhaustion Requirement Set Forth in Section 627.371, Florida Statutes, Applies to CareersUSA.**

Wausau argues that CareersUSA is an aggrieved party which should have pursued and exhausted administrative remedies under Section 627.371, Florida Statutes, and therefore is entitled to summary judgment on these grounds. This administrative procedure sets out a two-step review process for the aggrieved party to seek relief. First, the relevant portion of Section 627.371 provides that:

> (1) Any person aggrieved by any rate charged, rating plan, rating system, or underwriting rule [followed or adopted by an insurer or rating organization], may . . . make written request of the insurer or rating organization to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded her or him.

Fla. Stat. § 627.371(1). If, within 30 days after the request is made it is not granted, the insured may treat the request as having been denied. *Id*. Second, the insurer may make an appeal to the OIR:

> Any person aggrieved by the refusal of an insurer or rating organization to grant the review requested, or by the failure or refusal to grant all or part of the relief requested, may file a written complaint with the office, specifying the grounds relied upon. If the office has already disposed of the issue as raised by a similar complaint or believes that probable cause for the complaint does not exist or that the complaint is not made in good faith, it shall so notify the complainant. Otherwise, and if it also finds that the complaint charges a violation of [chapter 627] and that he complainant would be aggrieved if the violation is proven, it shall proceed as provided in subsection (2).

*Id*. If the OIR has good cause to believe that the insurer or rating organization has violated the provisions regulating rates and ratemaking, it shall give notice as to how the noncompliance may

be corrected (*e.g.*, premium adjustment) pursuant to subsections 2 and 3. *See* Fla. Stat. § 627.371(2) & (3).

The Florida Supreme Court first articulated the exhaustion requirement of this administrative review process in *Florida Welding & Erection Serv., Inc. v. American Mut. Ins. Co. of Boston*, 285 So.2d 386 (Fla. 1973). In that case, the insurer brought an action against an employer for additional compensation insurance premiums allegedly caused by the application of incorrect experience modification factors (adjustment of the premium based on previous loss experience). The Court rejected the insured's argument that he had no notice of the right to pursue the administrative remedy, stating that "the [insured], like all others affected by the statute, is upon notice of the statutory provisions in this regard." *Id*. at 389. Based on the availability of the administrative remedy provided by a statute, "such [a] method must be followed to the exclusion of any other system of review." *Id*. The Court expressly articulated the exhaustion requirement, stating that "where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act." *Id*. at 390. The Court concluded that the application of rate data (such as an experience modification factor) to arrive at a worker's compensation premium provides an "adequate basis for administrative review under Section 627.371" and that the "[insured's] failure to exhaust administrative remedies under the statute precluded a challenge to the billed rates in the circuit court." *Id*. at 389-90. Importantly, even if another alternative judicial remedy is explicitly recognized in the Administrative Procedure Act (Chapter 120 of the Florida Statutes), that "does not mean that the exhaustion requirement can be dispensed with." *Criterion Ins. Co. v. State of Florida, Department of Insurance*, 458 So.2d 22 (Fla. Dist. Ct. App. 1984).

*Florida Welding* and its progeny in the Florida state courts have established the general rule that an insured "challenging the good faith calculation of retrospective workers' compensation premiums must pursue such a challenge in an administrative forum" and exhaust the remedies set forth in Section 627.371 before the courts may act. *FCCI Ins. Co. v. NCM of Collier County, Inc.*, 15 So.3d 5, 7 (Fla. Dist. Ct. App. 2009). In *FCCI Ins. Co.*, the Court determined that summary judgment was appropriate for the insurer because the lower court lacked jurisdiction on the matter and because the insured's challenge to the computation of the retrospective premiums "must avail itself of the administrative dispute resolution and appeals process under Section 627.371, Florida Statutes." *Id*. at 6.  *See also Int'l Patrol & Detective Agency, Inc. v. Aetna Cas. & Surety Co.*, 419 So.2d 343 (Fla. 1982) (allowing summary judgment for the insurer on the grounds that the insured had an adequate administrative remedy available and was barred from bringing the action in circuit court); *State Farm Mutual Automobile v. Gibbons*, 860 So.2d 1050 (Fla. Dist. Ct. App. 2003) (dismissing insured's claims for failure to pursue and exhaust administrative remedies based on an insurer's purported violation of a statutory prohibition and holding that a stay of the circuit court proceeding was improper as the exclusive jurisdiction for judicial review of administrative action by the OIR lies solely with the courts of appeal, citing to Section 120.68(2)(a), Florida Statutes).

In *American Home Assurance Co. v. Phineas Corp.*, 347 F.Supp.2d 1231 (M.D. Fla. 2004), the court concluded that the insured's defenses based on improper classification and premium calculation was improper due to failure to pursue administrative remedies.  The court also determined that the insured's counterclaims of fraud and negligent misrepresentation were meritless and improper, among other things, for its reliance on challenging the calculation of the policy premiums (which should have been resolved in an administrative forum).  *Id*. at 1237-38.

Particularly relevant to CareersUSA's allegations regarding Wausau's claims mishandling, the court noted in its analysis of *Florida Welding* that the Florida Supreme Court recognized "the necessity of deferring to the workers' compensation system in any dispute under a workers' compensation policy." *Id*. at 1236.

CareersUSA argues that it has not alleged that it has been aggrieved by a rate charged, nor has it been aggrieved by any rating plan, rating system or underwriting rule pursuant to Section 627.371, Florida Statutes, and therefore the administrative remedy does not apply to them. Defendant asserts that Wausau knowingly failed and/or refused to apply the appropriate credits when calculating CareersUSA's premium payments, negligently handled its claims, breached its fiduciary obligations, and failed to meet the good faith standards required of insurers in the State of Florida. *Id*. CareersUSA also argues that it was unable to avail itself of any administrative remedies since the October 4, 2011 adjust loss audit issuance occurred after the filing of this suit.

CareersUSA's arguments are flawed for several reasons. First, CareersUSA's assertion that it is "not only challenging the manner in which [Wausau] calculates its policy premiums," but also its alleged negligent claims handling does not alter the fact that they are a party "aggrieved by the rating plan" to which the retrospective premiums for the Policies were computed. Therefore, CareersUSA must exhaust the administrative remedy pursuant to Section 627.371, Florida Statutes. While CareersUSA argues that alleged errors were attributable to negligent claims handling rather than the rating plan, Wausau correctly points out that under a loss-sensitive policy, it is impossible to separate the insured's issues regarding claims mishandling from the carrier's premium computations, as claims handling directly affects the premium calculation. [DE 37]. Second, CareersUSA's allegations that "numerous

miscalculations in connection with the Policies, improper holdback amounts, erroneous and untimely reporting of incurred and paid losses, expenses and reserves, which wrongly indicate a balance owed by CareersUSA" are matters that should first be brought in an administrative forum, not this Court.  [DE 32-2, p. 4]; *See FCCI Ins. Co.*, 15 So.3d 5.  Third, between October 2010 and February 2011, CareersUSA had the ability to seek relief from the retrospective premiums charged in an administrative forum prior to this suit, and still has not pursued that option as of the filing of Plaintiff's Reply to Defendant's Opposition to Plaintiffs Motion for Summary Judgment.  [DE 37].  Therefore, CareersUSA cannot in good faith claim that it could not avail itself of any administrative remedies, asserting that it would have been a "physical impracticality." [DE 32, p. 5].

CareersUSA relies on *Elite II v. American Cas. Co. of Reading, Pa.*, 2011 WL 1319540 (M.D. Fla. 2006) to support its claim that it did not have to exhaust its administrative remedies since its defense is not based on the calculation of rates, but rather the insurer's knowing failure and/or refusal to apply the appropriate credits when calculating CareersUSA premium payments.  In *Elite II*, the insured filed a declaratory judgment action seeking to establish its rights to premium credits under FCCPAP.  The court in *Elite II* concluded that exhaustion was not required, even though the case was "about the total premium due for the policies issued to Plaintiff." *Id*. at *2.  Although the court recognized the deference given to the regulatory system and the Department of Insurance in the State of Florida on workers' compensation matters, it concluded that dismissing the claim for want of the exhaustion requirement would be inappropriate, since "the resolution of th[e] case will turn on [the] construction of the insurance policies." *Id*.

While CareersUSA cites *Elite II* as authority to deny Wausau's Motion for Summary Judgment, a more recent decision from the Fourth District Court of Appeal analyzing workers' compensation case law in Florida courts reached an opposite conclusion. Although not in the context of workers' compensation insurance, *Serchay v. State Farm Florida Ins. Co.*, 25 So.3d 652 (Fla. Dist. Ct. App. 2010), required administrative review in determining that the insured's claim was that he was aggrieved by the rate the insurer charged subject to Section 627.391, Florida Statutes.

In acknowledging the distinction between rates charged and premium discounts, the court concluded that "a premium discount is inextricably linked to the rate charged, and therefore Section 627.391 applies to the plaintiff's action."[1] 25 So.3d at 654. Therefore, similar to the defense CareersUSA has asserted, the failure to apply an appropriate credit when calculating a premium discount "necessarily must arise from a challenge to the 'rate charged'" within the meaning of Section 627.391. *Id*. The insured's reliance on this argument in *Serchay* resulted in the court concluding that the exhaustion requirement applied. Additionally, *Serchay* disagreed with the rationale in *Elite II*, stressing that the district court's decision "did not examine any of the Florida state cases which we have examined, and appears inconsistent with those cases." 25 So.3d at 655 (analyzing *FCCI Ins. Co. v. NCM of Collier County, Inc.*, 15 So.3d 5 (Fla. Dist. Ct. App. 2009); *State Farm Mutual Automobile v. Gibbons*, 860 So.2d 1050 (Fla. Dist. Ct. App. 2003); *Int'l Patrol & Detective Agency, Inc. v. Aetna Cas. & Surety Co.*, 419 So.2d 343 (Fla. 1982)). Since this Court must apply Florida state law in the same manner as would a state court, the Court will defer to the regulatory agency regarding workers' compensation disputes.

---

[1] The court stated that a premium discount effectively requires lowering the rate charged, because the amount of insurance specified in the policy is constant. *Serchay*, 25 So.3d at 654. The court furthers this point by stating "to the extent an insured claims to have been wrongly deprived of a premium discount, the insured essentially is claiming to have been aggrieved by the rate charged. *Id*.

### B. Negligent Claims Handling and Fiduciary Obligations

CareersUSA asserts that Wausau breached the terms of the Policies through negligent claims handling, which resulted in higher expenses to CareersUSA. Specifically, CareersUSA argues that Wausau "exhibited bad faith in connection with its role as CareersUSA's workers' compensation insurance provider," and had breached Wausau's fiduciary obligations. [DE 32, p. 11]. Defendant points to *Losat v. Geico Cas. Co.*, 2011 WL 5834689 at *5 (M.D. Fla. Nov. 21, 2011) to illustrate the standard of good faith in Florida:

> The duty of good faith obligates an insurer to handle claims brought against its insureds with "the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Boston Old Colony v. Gutierrez*, 386 So.2d 783 (Fla. 1980). This duty obligates the insurer "to advise the insureds of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of excess judgment and to advise the insured of any steps he might take to avoid the same." *Id*.

The insurance cases that address the insurer's duty of care are distinguishable from the instant case as they addressed the duty of care in the context of excess liability. That is, the insured has potential exposure beyond the policy limits. In the context of workers' compensation insurance, there is no exposure to the insured beyond the policy limits, as the policy grants complete tort immunity. Additionally, in insurance bad faith cases in Florida, a "totality of circumstances" test is applied. 2011 WL 5834689 at *6. To constitute bad faith, the insurer's "conduct must evidence a conscious disregard or indifference to the rights of the insured." *Id*. at 6 (citing *Francois v. Illinois Nat'l Ins. Co.*, 49 Fed.Appx. 290 (11th Cir. 2002)).

CareersUSA argues that Wausau accepted and provided treatment for frivolous claims even though medical and factual evidence warranted denying such coverage and lists numerous examples of increased expenses related to these claims. *See* Affidavit of Lisa Mendelsohn [DE 32-1, pp. 2-6]. CareersUSA's citations to *Losat v. Geico Cas. Co.*, 2011 WL 5834689 (M.D. Fla.

Nov. 21, 2011) and the cases cited therein are not controlling on matters related to workers' compensation law (but rather, cases addressing potential excess liability to the insured), and to allow the Defendant to litigate this matter without exhausting the administrative remedy would allow for insured parties to circumvent the regulatory avenue expressly stated in Section 627.391, Florida Statutes, solely by raising a bad faith handling claim.

Additionally, as Wausau correctly points out, to allow CareersUSA to raise claims mishandling as a defense to its workers' compensation claim to loss sensitive premium is an issue of first impression: "whether Florida substantive law imposes any duty on a workers' compensation carrier when it handles, pursuant to a loss-sensitive policy, the workers' compensation claims of an insured's employees." [DE 37, p. 5]. Since there is no authority on this matter, this Court would have to make an educated guess as to how a Florida court would decide. *U.S. Fire Ins. Co. v. Mikes*, 576 F.Supp.2d 1303, 1315 n. 15 (citing *Trail Builders Supply Co. v. Reagan*, 409 F.2d 1059, 1061 (5th Cir. 1969). This Court declines to address this matter, as CareersUSA's dispute can be handled more appropriately through the administrative remedy pursuant to Section 627.391, Florida Statutes.

**C. CareersUSA is not Entitled to a Stay of the Current Proceedings, as the OIR and its Appeals Process is the Appropriate Procedure to Resolve this Matter.**

CareersUSA argues that it is entitled to a stay of the current proceedings in order to pursue administrative redress. CareersUSA's support for this claim is based on *State Farm Mutual Automobile v. Gibbons*, 860 So.2d 1050 (Fla. Dist. Ct. App. 2003), but *Gibbons* determined that a stay at the circuit court was improper, as once administrative review is completed pursuant to Section 627.391, Florida Statutes, "the exclusive jurisdiction for judicial review is in the District Court of Appeal." 860 So.2d at 1052 (citing § 120.68(2)(a), Fla. Stat.

(2002)).  The insured in *Gibbons* had failed to exhaust her administrative remedy and "failed to seek judicial review in the correct court." *Id*. (citing *Florida Welding & Erection Serv., Inc. v. American Mut. Ins. Co. of Boston*, 285 So.2d 386, 389 (Fla. 1973)).  A stay of this action is inappropriate, as administrative redress through the OIR is the more proper avenue to resolve the CareersUSA's dispute.

## IV.    Conclusion

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that Wausau's motion for summary judgment, filed January 23, 2012 **[DE 25]**, is GRANTED, as explained herein.  Final judgment shall issue by separate order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 25th day of June, 2011.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE